# IN the MATTER OF the MENTAL CONDITION OF W.R.B.: STATE of Wisconsin, Plaintiff-Respondent,

v.

# W.R.B., Defendant-Appellant.†

Court of Appeals

*No. 87–0183. Submitted on briefs April 29, 1987.—Decided June 3, 1987.*

(Also reported in 411 N.W.2d 142.)

† Petition to review denied.

On behalf of the defendant-appellant the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *Kenneth M. Farmer,* assistant district attorney for Manitowoc county.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. W.R.B. appeals an order extending a commitment under ch. 51, Stats. Because we conclude that the trial court properly extended W.R.B.'s commitment, we affirm.[1]

---

[1]This case was ordered to be heard by a three-judge panel by order of the chief judge pursuant to sec. 809.41(3), Stats.

W.R.B. was committed under ch. 51, Stats., in May 1985. An extension was secured in November 1985 and again in November 1986. It is the last extension which is the subject of this appeal. While W.R.B. was originally treated on an inpatient basis, he is now treated on an outpatient basis. Further facts will be stated as necessary.

An extension for commitment is petitioned for under sec. 51.20(13)(g)3, Stats. That subsection reads in pertinent part:

> If the court determines that the individual is a proper subject for commitment as prescribed in sub. (1)(a)1 and evidences the conditions under sub. (1)(a)2 or (am) or is a proper subject for commitment as prescribed in sub. (1)(ar), it shall order judgment to that effect and continue the commitment.

As required by this subsection, the trial court relied upon the criteria set out in sec. 51.20(1)(am), which provides in pertinent part:

> If the individual has been the subject of inpatient treatment for mental illness, developmental disability or drug dependency ... as a result of a voluntary admission or a commitment or placement ordered by a court under this section or s. 55.06 or 971.17 or ch. 975, *or if the individual has been the subject of outpatient treatment for mental illness, developmental disability or drug dependency immediately prior to commencement of the proceedings as a result of a commitment ordered by a court under this section or s. 971.17 or ch. 975,* the requirements of a recent overt act, attempt or threat to act under par. (a)2.a or b, a pattern of recent acts or omissions under par. (a)2.c or recent behavior under par. (a)2.d may be satisfied by a

showing that there is a substantial likelihood, based on the subject individual's treatment record, that the individual would be a proper subject for commitment if treatment were withdrawn. [Emphasis added.]

The above section was recently amended. The portion appearing in emphasis was added in 1985 Wis. Act 139. Prior to the amendment, sec. 51.20(1)(am) was applicable to individuals subject to inpatient treatment only. This amendment is particularly relevant in W.R.B.'s case since, as mentioned before, though he was originally committed for treatment on an inpatient basis, he is now being treated on an outpatient basis.

Sections 7 and 8 of 1985 Wis. Act 139 deal with the initial applicability and the effective date of the amended sec. 51.20(1)(am), Stats. Those sections state:

SECTION 7. **Initial applicability.** This act applies to proceedings in which a petition for involuntary commitment is filed under section 51.20(1) or 51.45(13) of the statutes on or after the effective date of this act.

SECTION 8. **Effective date.** This act takes effect on the first day of the 6th month commencing after publication.

The publication date was March 25, 1986, making the effective date September 1, 1986.

W.R.B. contends that sections 7 and 8 should be construed so as to make the amendment to sec. 51.20(1)(am), Stats., applicable only to cases in which a petition for involuntary commitment is filed on or after September 1, 1986. Since the only document filed was a petition for *extension,* not involuntary commit-

ment, W.R.B. argues that the amended provision of sec. 51.20(1)(am) does not apply to him.

The application of a statute to a particular set of facts presents a question of law which we decide without deference to the trial court. *Neis v. Board of Educ.,* 128 Wis. 2d 309, 313, 381 N.W.2d 614, 616 (Ct. App. 1985). In construing a statute the primary objective is to achieve a reasonable construction that will effectuate the statutory purpose. *Barnett v. LIRC,* 131 Wis. 2d 416, 420, 388 N.W.2d 652, 654 (Ct. App. 1986).

We read sections 7 and 8 of 1985 Wis. Act 139 to say that the new provisions of sec. 51.20(1)(am), Stats., are to affect secs. 51.20(1) and 51.45(13), Stats., after the effective date of September 1, 1986. As to all other sections which incorporate sec. 51.20(1)(am) by reference, such as sec. 51.20(13)(g)3, the provisions of subsec. (1)(am) go into effect on the day after publication and govern all commitments then pending.

The clear intent of the legislature in amending sec. 51.20(1)(am), Stats., was to avoid the "revolving door" phenomena whereby there must be proof of a recent overt act to extend the commitment but because the patient was still under treatment, no overt acts occurred and the patient was released from treatment only to commit a dangerous act and be recommitted. The result was a vicious circle of treatment, release, overt act, recommitment. The legislature recognized the danger to the patients and others of not only allowing for, but requiring, overt acts as a prerequisite for further treatment. To construe sections 7 and 8 of 1985 Wis. Act 139 differently would facilitate the very problem the legislature sought to

avoid in the first place. We conclude the amended provisions of sec. 51.20(1)(am) apply to W.R.B.

The second issue raised by W.R.B. is whether the petitioner proved the elements necessary to support an extension of W.R.B.'s commitment. It is undisputed that W.R.B. has a lengthy history of mental illness and treatment. He is now being treated on an outpatient basis, but he is closely monitored especially to ensure that he receives the proper dosage of psychotropic medication. There was testimony at the hearing on the petition for extension that if treatment were withdrawn, W.R.B. "would regress in his current level of functioning" and that to a reasonable degree of medical certainty there would be "a resumption of the kinds of behavior that previous occasions has led to rehospitalization." The trial court extended W.R.B.'s commitment, finding that if treatment were withdrawn W.R.B. would be a proper subject for commitment. The trial court applied the proper standard and the petitioner met its burden.

*By the Court.*—Order affirmed.